**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JERRY LEWIS-BEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-218-GPM |
| | ) |
| GREGORY BLEDSOE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois, (USP-Marion) brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his racketeering convictions[1] in the United States District Court for the Eastern District of Missouri.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought

---

[1] Petitioner was convicted of conducting a criminal racketeering enterprise; of conspiring to conduct and participate in the same criminal racketeering enterprise; and of committing violent crimes in aid of a racketeering enterprise. *See United States v. Darden*, 70 F.3d 1507, 1516-17 (8th Cir. 1995).

before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991); *see also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255"). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

In the instant § 2241 petition, Petitioner states that he sought, but was denied, relief pursuant to § 2255 relief by the Eastern District of Missouri. Petitioner does not argue that his § 2255 remedy is inadequate or ineffective to assert his instant claims. Even if he did, however, such an argument should be rejected.

The Seventh Circuit Court of Appeals has held that the limitations on filing successive § 2255 motions does not render it an inadequate remedy for a prisoner who has filed a prior § 2255 motion. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. United States*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001);[2] *see also Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or

---

[2]*Ashley* overruled only Part III of *Montenegro*. *Ashley* held that the decision whether a right initially recognized by the Supreme Court applies retroactively to cases on collateral review, such as to begin the one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by the Supreme Court. *Ashley*, 266 F.3d at 674.

ineffective."); *United States v. Barrett*, 178 F.3d 34, 49- 50 (1st Cir. 1999); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that § 2255's substantive and procedural barriers by themselves do not establish that § 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In *Davenport*, the Court of Appeals considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport*, 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832 ,835-36 (7th Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*? The Seventh Circuit clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner merely asserts that the Government withheld exculpatory

evidence in violation of court orders and his constitutional rights. The argument appears to be that if such withheld evidence had been available to him at trial, then Petitioner would not have been found guilty by the jury. Such an argument, though, is fundamentally different than saying that the charged conduct no longer is a crime.

Therefore, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED: 07/09/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge
